UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TERRY LEE HILL,


Petitioner,

-vs-                                                                    Case No.  8:08-cv-1294-T-17MAP


SECRETARY, DEPT. OF CORRECTIONS,


Respondent.
_____/

## ORDER

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by TERRY LEE HILL (Hill), a Florida prisoner. The petition attacks Hill's convictions for

sexual battery, armed burglary, kidnaping, aggravated battery, aggravated assault, tampering

with physical evidence, and violation of injunction for protection against repeat violence arising

out of  charges filed in the Sixth Judicial Circuit in Pinellas County, Florida, in state circuit case

number CRC03-04192CFANO.  A review of the record demonstrates that, for the following

reasons, the petition must be denied.

PROCEDURAL HISTORY

On March 27, 2003, the State filed a nine-count Felony Information charging Hill with:

Sexual Battery (counts one through three), Armed burglary (count four), Kidnaping (count five),

Aggravated Battery (count six), Aggravated Assault (count seven), Tampering with Physical

Evidence (count eight), and Violation of Injunction for Protection Against Repeat Violence

(count nine). (Exh 21: Vol. 1: R 5-9).[1] Hill, represented by Assistant Public Defender Dudley Clapp, proceeded to trial before the Honorable Linda R. Allan, Circuit Judge, in October 2004. After the State conducted direct examination of its last witness, but before the defense cross-examination of that witness, Hill's counsel informed the court that Hill wished to plead guilty to thirty-seven years incarceration. (Exhibit 1: Change of Plea Transcript). The prosecutor stated that he would not agree to anything other than an open plea. The parties discussed the sentencing guidelines range, and the maximum possible sentence of several life terms. The court announced it would not impose a sentence at the bottom of the guidelines range, but would consider a plea to forty-five years. After Hill expressed his desire to enter a plea to a 45-year sentence, the trial court conducted a plea hearing, and the following colloquy took place:

> THE DEFENDANT: I guess I gotta take it. Anything is better than life.
>
> THE COURT: You don't have to do anything, Mr. Hill. You have a right to go forward with your trial. And I'm not going to accept your plea unless it's freely and voluntarily made.
>
> THE DEFENDANT: It's freely and voluntarily made. Anything could happen in 20 years. Once you get life, ain't nothing happen.
>
> THE COURT: State, do you want to speak to whether or not --
>
> MR. COVERT: I do. I think she had to go to the restroom, but --
>
> THE COURT: Mr. Clapp, do you want to -- have you had an opportunity to go over the plea form?
>
> MR. CLAPP: No, not at all.

---

[1] Respondent filed the first five of six volumes of the record on direct appeal as Respondent's Exhibit 21. Respondent stated that he did not file Volume 6, which consists of several pre-trial deposition transcripts, in light of Hill's change of plea to guilty in the during the trial.

THE COURT: Is it more convenient for you to have him sit with you to go over it?

MR. CLAPP: That probably will be easier, Judge.

MR. COVERT: Judge, I've spoken to Ms. Bittner. She's acceptable to that if the defendant wants to plead guilty to all of the counts as charged.

THE COURT: Thank you very much.

MR. COVERT: As a result of this plea, Judge, he will be designated a sexual predator by statute because it is a life felony.

MR. CLAPP: Your Honor, I think we're ready to go forward. Mr. Hill indicated to me that he did, at some point, wish to address the Court. And I don't know whether you want to do that right now.

THE COURT: I think it would be best to do it right now. Mr. Hill, raise your right hand, please. Do you swear or affirm to tell the truth?

THE DEFENDANT: Yes, ma'am.

THE COURT: Thank you. You can put your hand down. What did you want to share with me?

THE DEFENDANT: I just want to apologize to Jody. I don't know how much it would mean to her, but I've -- the last -- from the time it happened until now, I've taken it lightly until I've seen her in person today. I seen how I really have changed her and I've done something to her that she don't look the same as when I known her.

It really -- and I don't know how much that will mean to her, but, you know, if I could go back to that day and change it, I would. But we don't have a time travel machine, so I can't go back and change what I've done. But like I say, I really seen her when she walked in and the way she was on the stand and now. I've probably changed her life or the way she is for the rest of her life. And I'm sorry.

THE COURT: I'm glad that you said that, Mr. Hill. I'm sure you have changed her life. The first positive to changing your own life is to admit your mistake, which is something that you've done here today, something that's very important. State, having heard the testimony on the direct of the victim, I believe that I've heard enough to make a finding of a factual basis. Is there anything else that you did wish to place on the record in that regard?

MR. COVERT: The only thing that I would put on the record is that I would say is that DNA evidence was gathered from the anal swab, which came back to a match to Mr. Hill.

THE COURT: Thank you. Mr. Clapp, are you ready for me to continue speaking with your client?

MR. CLAPP: Yes, Your Honor. At this time, we would withdraw our previously entered plea of not guilty and tender to the court a plea of guilty, with the understanding that the defendant, on the offenses for which he could receive up to life, would receive a 45-year sentence, concurrent on each count, and that -- really, at that point it doesn't make any difference. On the other counts, I assume the Court would be imposing the maximum on each of the other counts.

THE COURT: That would be what I intended to do, obviously concurrently.

MR. CLAPP: I would also point out, Judge, that on the injunction violation, which is a first-degree misdemeanor, he has well over a year in.

THE COURT: I would just be time serving him on that.

MR. CLAPP: Thank you, Judge.

THE COURT: All right, Mr. Hill, how old are you, sir?

THE DEFENDANT: Thirty-five.

THE COURT: And how far have you gone in school?

THE DEFENDANT: Eighth grade.

THE COURT: And you are able to read and write then; is that correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: Were you able to read and go over that plea form with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand it?

THE DEFENDANT: Yes, ma am.

THE COURT: Do you understand that you are giving up your right to go forward with this trial by jury by entering your plea today?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you under the influence of any drugs or alcohol today?

THE DEFENDANT: No, ma'am.

THE COURT: Have you ever been treated for a mental condition?

THE DEFENDANT: No, ma'am.

THE COURT: Have you now had enough time to speak with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: I know you've had some disagreements with him regarding strategy, but are you satisfied with the representation of your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Thank you for your polite way of answering my questions, Mr. Hill, especially under the circumstances. It's been my experience with you in court that you've always been polite in dealing with me. It's been my belief that you've been in somewhat of a denial of what happened that day and I think that you're finally accepting that and I think that is a good thing for you in the future.

(Exh 1 at T 367-373; Exh 21: Vol. 4: T 367-373). Hill signed a written change of plea form. (Exh 21: Vol. 1: R 34-35). The court accepted Hill's guilty plea as having been made freely and voluntarily, found that a factual basis existed, and further found that Hill was well represented by counsel. (Exh 1 at T 373). Immediately after accepting the plea, on October 13, 2004, the court adjudicated Hill guilty and sentenced him as follows: As to count one, two, four, and five, to a term of 45 years in the Department of Corrections, to be served concurrently, credit for all time served. As to counts one, two and three, Hill was designated a sexual predator. As to counts three and six, the court imposed a concurrent period of 15 years in the Department of

Corrections, and as to count seven and eight, concurrent five year terms. Hill was given time served on count nine. (Exh 21: Vol. 1: R 36-47).

Hill then filed and re-filed a pro se motion to withdraw his guilty plea on the ground that he had entered his plea of guilty because the trial court had gone to great lengths to shield the police officer and victim from cross-examination. (Exh 21: Vol. 1: R 30-31, 54-55). Hill filed two additional pro se motions to withdraw the plea, on various grounds, including the allegation that his plea had been coerced and was involuntary. (Exh 21: Vol. 1: R 56, 57-59). The trial court issued an order denying the motion to withdraw plea on the ground that Hill had filed it after he had been sentenced and also on the ground that he was represented by counsel and the motion was unauthorized. (Exh 21: Vol. 1: R 60).

Direct Appeal

Hill pursued a direct appeal. Mark C. Katzef, the Assistant Public Defender assigned to represent Hill on appeal filed an *Anders* brief, stating that he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 2). Counsel directed the appellate court's attention to eleven potential issues for review. On November 18, 2005, Hill served an additional pro se brief in which he raised one issue: "Involuntary plea due to the acts of the State, judge, and attorney." (Exhibit 3). The State then filed an answer brief addressing the issue presented in the pro se brief. (Exhibit 4). On September 20, 2006, in Case No. 2D04-5777, the Second District Court of Appeal filed an unwritten per curiam opinion affirming Hill's conviction and sentence. (Exhibit 5). *Hill v. State*, 939 So. 2d 102 (Fla. 2d DCA 2006)[table]. The mandate was issued on October 11, 2006. (Exhibit 6).

Rule 3.850 Motions for Postconviction Relief

On November 17, 2006, Hill filed in the trial court a pro se Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 7). He filed a first supplemental motion on December 4, 2006 (Exhibit 8), and a second supplemental motion on January 22, 2007. (Exhibit 9). In all, the motions raised fourteen grounds for relief. In an order dated March 6, 2007, the court summarily denied all grounds. (Exhibit 10).

On July 10, 2007, Hill filed a notice of appeal challenging the adverse ruling issued on March 6, 2007. (Exhibit 11). On January 18, 2008, in Case No. 2D07-4064, the Second District Court of Appeal filed a per curiam silent affirmance of the order denying Hill's original and two supplemental motions for postconviction relief.3 (Exhibit 13). *Hill v. State*, 976 So. 2d 1106 (Fla. 2d DCA 2008)[table]. The mandate was issued on March 14, 2008. (Exhibit 14).

Additional Supplemental Rule 3.850 Motion

Later, the trial court discovered Hill had filed another supplemental motion for postconviction relief (Exhibit 15) on December 11, 2006, which had not been brought to the court's attention prior to denial of the original motion and two supplements. The motion filed on December 11, 2006, raised four additional claims. The postconviction court summarily denied this motion in an order issued July 24, 2007. (Exhibit 16).

Hill filed a notice of appeal on August 3, 2007. (Exhibit 17). He filed an initial pro se brief. (Exhibit 18). On January 18, 2008, in case No. 2D07-4063, the appellate court filed an unwritten per curiam opinion affirming the denial of the supplemental motion for postconviction relief. (Exhibit 19). *Hill v. State*, 976 So. 2d 1106 (Fla. 2d DCA 2007)[table]. The court issued the mandate on March 6, 2008. (Exhibit 21).

THE PRESENT PETITION

Hill timely signed the original § 2254 petition on July 1, 2008. (Doc. 1). He signed an

amended petition on July 29, 2008. (Doc. 13). This Order addresses the amended petition,

which in which Hill raises the following five grounds for relief:

Ground One

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A PRETRIAL
SUPPRESSION HEARING.

Ground Two

PETITIONER'S PLEA WAS INVOLUNTARY WHERE COUNSEL THREATENED
TO ABANDON PETITIONER DURING TRIAL.

Ground Three

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE DURING AN
OBJECTION THAT THE STATE PROSECUTOR WILLFULLY AND
KNOWINGLY LED A STATE WITNESS TO COMMIT PERJURY.

Ground Four

GOVERNMENT MISCONDUCT BY THE PROSECUTOR KNOWINGLY
ALLOWING A STATE WITNESS TO COMMIT PERJURY.

Ground Five

GOVERNMENT MISCONDUCT BY THE PROSECUTOR'S KNOWING
FALSIFICATION OF DNA TEST RESULTS.

DISCUSSION

GROUNDS ONE, THREE, FOUR, AND FIVE

Grounds One, Three, Four, and Five must be denied as barred by entry of Hill's

voluntary guilty plea. It is well-established state and federal law that guilty or nolo contendere

pleas waive all but jurisdictional claims up to the time of the plea. *See United States v. Broce*,

488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989)(when the judgment of conviction upon

a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); *Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973)(holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991 ); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)(finding a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial).

The waiver by plea includes claims of ineffective assistance which do not implicate the validity of the plea. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Matthew v. Johnson*, 201 F. 3d 353, 364 (5th Cir. 2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights). By entering a voluntary guilty or no contest plea, a defendant relinquishes the right to a jury trial, to assistance of counsel, to raise a defense, and to confront his or her accusers. *See Boykin*, 395 U.S. at 242-44; *Broce*, 488 U.S. at 573 (1989) (relinquishment derived not from inquiry into defendant's subjective understanding of range of  potential defenses, but from admissions necessarily made upon entry of voluntary guilty plea). In the instant case, Grounds One, Three, Four, and Five concern complaints about trial counsel's preplea performance or errors relating to the trial. By entry of his voluntary guilty plea, Hill relinquished any right he may have had to challenge the effectiveness of counsel or errors in the trial proceedings regarding alleged antecedent violations of constitutional rights.

GROUND TWO

In Ground Two, Hill contends his guilty plea was involuntary where counsel threatened to abandon Hill during trial. He alleges in the federal petition, among other things, that "[d]uring the course of the trial the defendant was trying to get defense counsel to properly represent him about the testimony and cross-examining of the State witnesses'" and because of that, counsel threatened to leave in the middle of trial. (See Amended § 2254 petition at pp. 6-7). Hill's allegation is refuted by the record, and the state court's denial of this claim is objectively reasonable.

Because Hill filed the instant federal petition in 2008, the petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 336, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693, 152 L. Ed. 2d 914, 122 S. Ct. 1843 (2002); *see also, Bell v. Cone*, 160 L. Ed. 2d 881, 125 S. Ct. 847 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). Pursuant to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Title 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth

by the United States Supreme Court at the time the state court issues its decision. *Lockyer v.*

*Andrade,* 538 U.S. 63, 71-72, 155 L. Ed. 2d 144, 123 S. Ct. 1166 (2003). Where no Supreme

Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state

court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*,

540 U.S. 12, 157 L. Ed. 2d 263, 124 S.Ct. 7, 10 (2003); *Clark v. Crosby*, 335 F.3d 1303,

1308-10 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent

within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the

governing law as set forth in Supreme Court case law, or if the state court confronts a set of

facts that are materially indistinguishable from those in a decision of the Supreme Court and

nevertheless arrives at a result different from Supreme Court precedent. *Brown v. Payton*, 125

S.Ct. 1432, 1438, 161 L.Ed.2d 334 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06, 146 L. Ed.

2d 389, 120 S. Ct. 1495 (2000)). A state court does not have to cite the Supreme Court

precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts

Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8, 154 L. Ed. 2d 263, 123 S. Ct. 362

(2002); *Parker v. Secy of Dept. of Corrections*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly

established precedents if the state court applies this Court's precedents to the facts in an

objectively unreasonable manner." *Brown v. Payton*, 125 S.Ct. at 1439. An objectively

unreasonable application of precedent occurs when (1) a state court identifies the correct legal

rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a

legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005).

Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003).

In this case, the state postconviction court reasonably rejected Hill's involuntary plea claim because it is clearly refuted by the record. The allegation was raised in the supplemental Rule 3.850 motion filed in the state court on December 11, 2006. In its order summarily denying relief, the state court pointed out that, rather than threatening to abandon Hill, the portion of the record relied upon by Hill reflects Hill sought to discharge counsel because of a disagreement about trial strategy. The order denying relief on this claims states as follows:

> The Defendant alleges that his plea was involuntary because defense counsel threatened to abandon him during the trial. He further alleges that counsel failed to argue Jody Bittner's testimony was perjured. But for counsel's errors, he contends that he would not have pled to the charges.
>
> The allegation that counsel "threatened to abandon Defendant during trial" is without merit. The Defendant attaches a portion of the transcript to support this claim; however, this Court finds that the transcript actually contradicts the claim. Exhibit C: Trial Transcript, pg. 96. The record does not show that counsel attempted to abandon the Defendant, rather the record reflects that the Defendant was in fact moving to have counsel taken off of the case because he did not agree with how counsel intended on presenting certain evidence. Id. at pgs. 87-96. Additionally, this conversation between the court, counsel, and the Defendant did not occur in the middle of trial as the Defendant claims.
>
> The allegation that counsel erred for not entering Ms. Bittner's deposition was previously denied on its merits by this Court. Exhibit A: Order dated March 6, 2007; Exhibit B: Order dated July 9, 2007. As this ground fails to allege a fruitful claim, it is accordingly denied.

Exh 16: Order Denying Defendant's Supplement Motion for Post-Conviction Relief at p. 2.

A review of the trial transcript supports the court's findings. Early in the trial, a disagreement arose between Hill and defense counsel involving counsel's trial strategy regarding admission of the 911 tape. (Exh 21: Vol. 3: T 87-96). After the issue had been addressed by the court, it appears Hill expressed his desire to proceed pro se. Id. at T 96. The court denied this request. Id. at T 96-97.

It wasn't until much further in the trial that Hill elected to change his plea to guilty. Apparent from Hill's own statements, the decision to enter a guilty plea was based on the effect of the victim's appearance and testimony on Hill, as well as Hill's desire to avoid risking a sentence of life imprisonment. Hill stated his plea was free and voluntary, and explained in detail his reasons for changing the plea. (Exh 1 at T 368, 369). Under oath, Hill stated he wanted to apologize to the victim, and said he was sorry for changing the victim's life. (Exh 1 at T 369). Moreover, during the plea colloquy, Hill stated he was satisfied with the representation of his attorney, despite some previous disagreements regarding strategy. (Exh 1 at T 372).

The standard for determining the validity of a plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *see also Boykin v. Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

"A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger*, 921 F.2d 1125,

1141 (11th Cir.) (en banc), *cert. denied*, 502 U.S. 835, 112 S. Ct. 116, 116 L.Ed. 2d 85 (1991)(quotation omitted). In this case, the record supports the state court's finding that the plea was voluntarily entered and that counsel did threaten to abandon Hill. Accordingly, the state court's ruling was not contrary to, nor an unreasonable application of, Supreme Court precedent, and must be given deference under the AEDPA.

None of Hill's claims warrant federal habeas corpus relief.

Accordingly, the Court orders:

That Hill's petition is denied. The Clerk is directed to enter judgment against Hill and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 18, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Terry Lee Hill